

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

February 6, 1996

Mr. Tom Treadway
Executive Director
General Services Commission
P.O. Box 13047
Austin, Texas 78711-3047

Opinion No. DM-375

Re: Whether a vendor that offers to sell local exchange, interexchange, cellular telephone, mobile radio, or pager services may offer such services for sale through the catalogue purchase method set forth in Government Code chapter 2157, subchapter B (RQ-705)

Dear Mr. Treadway:

You have asked whether a vendor may offer for purchase or lease local exchange services (that is, local telephone services), interexchange services (that is, long-distance telephone services), cellular telephone services, mobile radio services, or pager services through the catalogue purchase method set forth in chapter 2157, subchapter B of the Government Code.[1] We understand that you are particularly concerned with how Government Code chapter 2157, subchapter B interacts with Government Code chapter 2170.

Title 10, subtitle D of the Government Code, the State Purchasing and General Services Act (the "act"), see Gov't Code § 2151.001, creates the General Services Commission (the "commission"), see id. § 2152.001, and sets out the commission's various functions. Section 2155.061(a) generally requires the commission to purchase, lease, rent, or otherwise acquire all supplies, materials, services,[2] and equipment state

---

[1]The Seventy-fourth Legislature codified former article 601b, V.T.C.S., at title 10, subtitle D of the Government Code (chapters 2151 through 2176). See Act of Apr. 21, 1995, 74th Leg., R.S., ch. 41, 1995 Tex. Sess. Law Serv. 324. The codification is nonsubstantive. Id. § 6, 1995 Tex. Sess. Law Serv. at 420.

[2]In the context of the act, "service" is the furnishing of skilled or unskilled labor or professional work, excluding:

(1) professional service subject to Subchapter A, Chapter 2254 [of the Government Code];

(2) service of a state agency employee;

(3) consulting service or service of a private consultant as defined by Subchapter B, Chapter 2254; or

(4) service of a public utility.

Gov't Code § 2155.001.

agencies need. Section 2170.002 makes the commission responsible for obtaining certain telecommunications services.

Government Code chapter 2157, subchapter B establishes a catalogue purchase method by which a state agency covered by the Information Resources Management Act,[3] Gov't Code ch. 2054,[4] may purchase or lease directly from a qualified information systems vendor an automated information system. Chapter 2157, subchapter B provides in pertinent part as follows:

> Sec. 2157.061. USE OF CATALOGUE PURCHASE METHOD REQUIRED UNLESS BEST VALUE AVAILABLE ELSEWHERE. The commission or a state agency shall purchase an automated information system through the catalogue procedure provided by this subchapter unless the commission or state agency determines that the best value may be obtained from another purchase method authorized by this subtitle.

> Sec. 2157.062. APPLICATION PROCESS FOR QUALIFI-CATION AS VENDOR. (a) To sell or lease an automated information system under this subchapter to a state agency, a vendor must apply to the commission for designation as a qualified information systems vendor.

> . . . .

> Sec. 2157.063. DIRECT PURCHASE OR LEASE BY STATE AGENCY; NEGOTIATION OF ADDITIONAL TERMS. (a) If a purchase or lease is the best value available and is in the state's best interest, a state agency may under this subchapter purchase or lease an automated information system directly from a qualified information systems vendor and may negotiate additional terms and conditions to be included in a contract relating to the purchase or lease.

*See also* 1 T.A.C. § 113.19 (providing for catalogue purchase method for automated information systems) (footnote omitted).

A qualified information systems vendor is a manufacturer or reseller of an automated information system whom the commission has authorized to publish a

---

[3]The Information Resources Management Act defines "state agency" as "a department, commission, board, office, council, or other agency in the executive or judicial branch of state government that is created by the constitution or a statute of this state, including a university system or institution of higher education as defined by Section 61.003, Education Code." Gov't Code § 2054.003(9).

[4]*See* Gov't Code § 2157.002 (limiting applicability of subchapter B to state agency to which Gov't Code ch. 2054 applies).

catalogue of products and services that a state agency to which chapter 2054 applies may purchase directly from the vendor. Gov't Code § 2157.001(2). For the purposes of chapter 2157 of the Government Code, an automated information system includes:

> (A) the computers on which the information system is automated;
>
> (B) a service related to the automation of the system, including computer software, or the computers; and
>
> (C) a telecommunications apparatus or device that serves as a component of a voice, data, or video communications network for transmitting, switching, routing, multiplexing, modulating, amplifying, or receiving signals on the network.

*See id.* § 2157.001(1). The legislature added the statutory predecessor to chapter 2157, subchapter B of the Government Code, as well as the definitions of "qualified information systems vendor" and "automated information systems" to the act in 1993.[5]

Chapter 2170 of the Government Code, the other provision about which you ask, pertains expressly to telecommunications services, which section 2170.001(a)(1)[6] defines as "intercity communications facilities or services." Section 2170.051(a) requires the commission to "manage the operation of a system of telecommunications services for all state agencies." *See also id.* § 2170.002 (designating commission as state agency responsible for obtaining telecommunications services). Each state agency is to notify the commission of the telecommunications services it requires, and the commission is to fulfill

---

[5]The bills proposing to amend the act by adding the statutory predecessor to chapter 2157, subchapter B of the Government Code and its accompanying definitions, *see* Gov't Code § 2157.001, were introduced largely in response to a report from the Texas Performance Review, *see* 2 TEXAS PERFORMANCE REVIEW, AGAINST THE GRAIN: HIGH-QUALITY LOW-COST GOVERNMENT FOR TEXAS (1993), in which the comptroller of public accounts proposed numerous cost-saving measures for state government. *See* House Research Organization, Bill Analysis, C.S.S.B. 381, 73d Leg. (1993). As introduced, the bills did not propose to establish the catalogue purchase method now set forth in section 3.081; indeed, the comptroller had not suggested that such a procedure be implemented. The bills were amended to add the catalogue purchase method when they were in committee. *See* Hearings on S.B. 381 Before the Senate Comm. on State Affairs, 73d Leg. (Mar. 3, 1993) (statement of Senator Haley, author) (tape available from Senate Staff Services Office); Hearings on H.B. 2626 Before the House Comm. on State Affairs, 73d Leg. (Apr. 5, 1993) (statement of Representative Eckels) (tape available from House Video/Audio Services Office). Senator Haley explained that the amendment would enable state agency personnel directly to purchase computer systems, software, and telecommunications hardware. Hearings on S.B. 381 Before the Senate Comm. on State Affairs (statement of Senator Haley, author) (tape available from House Video/Audio Services Office). He further explained that the proposed catalogue purchase method would allow state agencies to avoid the competitive bidding process and instead find the best buys on "computers and all material that goes with computers," such as "software and other telecommunications hardware" in catalogues. *Id.*

[6]Section 2170.001(a)(1) of the Government Code defines "telecommunications services" only for purposes of chapter 2170.

those requirements to the extent possible and to the extent that funds are available or appropriated for the purpose. *Id.* § 2170.051.

Together with the Department of Information Resources and the comptroller of public accounts, the commission "shall negotiate rates and execute contracts with telecommunications service providers for services." *Id.* § 2170.054(c). The three entities together may acquire transmission facilities and develop, establish, and maintain carrier systems necessary to the operation of the telecommunications system. *Id.* The commission may own, lease, or lease-purchase any or all of the facilities or equipment necessary to provide telecommunications services. *Id.* § 2170.003. Furthermore, section 2170.005(a) requires the commission to "adopt and disseminate to all agencies appropriate guidelines, operating procedures, and telephone directories," and an agency must comply with the policies, guidelines, and operating procedures that the commission has promulgated, *see id.* § 2170.005(b). Finally, the commission is required to provide centralized telephone service to state agencies, the houses of the legislature, and legislative agencies located in the capitol complex. *Id.* § 2170.059(a).

We understand that, pursuant to chapter 2170, the commission has established the Texas Agency Network (commonly referred to as TEX-AN), "a state-leased, private, long distance telecommunications network providing" cost-effective long-distance telephone service for state government and other political subdivisions that receive the service through contract with the commission. *See* General Services Commission, State of Texas Telephone Directory 1992-93 at vii. The commission also has established the Capitol Complex Telephone System for state agencies and other state governmental bodies located in the capitol complex. We understand that the commission has interpreted chapter 2170 to authorize it to provide only local exchange services to agencies in the capitol complex and interexchange services to all state agencies. The commission has not interpreted chapter 2170 to authorize it to make available to state agencies cellular telephone, mobile radio, and pager services, but the commission apparently has made such services available under other provisions.[7]

You have informed us that vendors of local exchange, interexchange, cellular telephone, mobile radio, and pager services seek to offer their services directly to state agencies pursuant to the catalogue purchase method chapter 2157, subchapter B establishes. You believe, however, that the vendors may not do so because the catalogue purchase method is available only to purchase or lease an automated information system, which is defined expressly to include a "telecommunications apparatus or device," but which is not defined to include "telecommunications service." Additionally, you believe that to permit vendors of local exchange service and interexchange services to offer their services directly to state agencies pursuant to the catalogue purchase method would infringe upon the commission's authority under section 2170.059 to provide local

---

[7]You do not ask, and thus we do not consider, whether telecommunications services, as the term is defined for purposes of chapter 2170, includes cellular telephone, mobile radio, or pager services.

exchange service to state agencies located in the capitol complex and interexchange service to all state agencies.

Section 2157.001(1)(B) defines "automated information system" to include "a service related to the automation of the [information] system including computer software, or the computers," as well as the information systems or computers themselves. On the other hand, the definition does not include services related to telecommunications apparatus or devices, even though it expressly includes such apparatus or devices. In our opinion, the legislature purposely omitted telecommunications services from the definition of "automated information system[s]," and we therefore conclude that a vendor offering to sell or lease telecommunications services may not offer such services through the catalogue purchase method.[8]

You state that, because telephones, cellular telephones, mobile radios, and pagers are telecommunications apparatus or devices and therefore included within the definition of "automated information system," a qualified information systems vendor may sell them using the catalogue purchase method. We understand that telephones, cellular telephones, mobile radios, and pagers function only with the appropriate services. Additionally, the equipment vendor may be the sole vendor of the specific service necessary to make the equipment operable. We also are informed that cellular telephone service vendors, mobile radio service vendors, and pager service vendors often provide the necessary equipment with the purchase of the service.

We admit that separating telecommunications services from the particular kinds of telecommunications apparatus or devices at issue here, so that a state agency may purchase or lease the apparatus or device directly from the vendor using the catalogue purchase method but must acquire the requisite service through another means, may be illogical. To avoid this result, however, we would have to insert into the definition of "automated information system[s]" the phrase "services related to a telecommunications apparatus or device" or something similar. Generally, a court will not insert a word or phrase into a statute unless it is necessary to carry out the legislature's manifest intent. 67 TEX. JUR. 3D *Statutes* § 115, at 697-99 (1989) (and sources cited therein). We do not believe inserting "services related to a telecommunications apparatus or device" into the definition of automated information systems in section 2157.001(1) would effectuate the legislative intent; indeed, we believe that it would be contrary to the legislative intent.[9]

---

[8]We understand that the commission has construed the definition of automated information system, Gov't Code § 2157.001(1), and chapter 2157, subchapter B of the Government Code to authorize the sale, using the catalogue purchase method, of services such as maintenance, technical assistance, and other services related to telecommunications equipment. We do not here consider the propriety of offering such telecommunication services directly to state agencies using the catalogue purchase method.

[9]In our opinion, the solution to any problems that the definition of "automated information system[s]" creates must come from the legislature.

We believe that the commission may acquire for state agencies telecommunications services using the competitive sealed proposal method set out in chapter 2157, subchapter C, but only if the commission "determines by rule that competitive sealed bidding and[10] informal competitive bidding are not practical or are disadvantageous to the state."[11] Gov't Code § 2157.121 (footnote added). Of course, to the extent that chapter 2157, subchapter C, which provides generally for the acquisition of telecommunications services, conflicts with chapter 2170, which provides specifically for intercity communications facilities or services and the Capitol Complex Telephone System, chapter 2170 prevails. *See* Attorney General Opinion JM-1137 (1990) at 3 (stating "familiar and well-established rule of statutory construction" that when general statutory provision and specific statutory provision conflict, specific provision prevails); *see also* Gov't Code § 311.026(b) (stating that, if general and special code provisions irreconcilably conflict, special provision prevails as exception to general provision, unless general provision is later enactment and legislature's manifest intent is that general provision prevail). Additionally, we note chapter 2157 does not apply to services provided by a public utility. *See* Gov't Code § 2155.001(2)(D).

## S U M M A R Y

A vendor that offers to sell local exchange, interexchange, cellular telephone, mobile radio, or pager services may not offer such services for purchase or lease through the catalogue purchase method set forth in chapter 2157, subchapter B of the Government Code. Chapter 2170 of the Government Code governs the sale of local exchange and interexchange service for certain state agencies. The General Services Commission may acquire cellular telephone, mobile radio, or pager services pursuant to chapter 2157, subchapter C, which establishes a competitive sealed proposal method for the acquisition of "a telecommunications device, system, or service," but only if the commission "determines by rule that competitive sealed bidding and informal competitive bidding are not practical or are disadvantageous to the state." The acquisition of telecommunications services that is not governed by chapter 2170 also may occur in

---

[10]The statutory predecessor to section 2157.121 of the Government Code, V.T.C.S. article 2157, section 3.022(a), required the commission, prior to implementing the competitive sealed proposal method, to determine that competitive sealed bidding *or* informal competitive bidding is impractical or disadvantageous to the state. *See* V.T.C.S. art. 601b, § 3.022(a), *repealed by* Act of Apr. 21, 1995, 74th Leg., R.S., ch. 41, § 5, 1995 Tex. Sess. Law Serv. 324, 420. As we stated in note 1, *supra*, the legislature intended the codification of the act to be nonsubstantive.

[11]Section 2157.121 of the Government Code also provides that telecommunications devices and systems may be acquired using the competitive sealed proposal procedure. Conceivably, the commission or a state agency might determine that the best value available for the purchase of telecommunications apparatus or devices, in accordance with chapter 2157, subchapter C, accrues from purchasing the apparatus or devices together with the telecommunications services. *See* Gov't Code § 2157.061.

accordance with chapter 2157, subchapter C. Chapter 2157 of the Government Code does not apply to services provided by a public utility.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General